UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2015 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>SIMON HONG,<br>　aka "Seong Wook Hong,"<br><br>　　　　Defendant. | CR No. CR16-0038<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1347: Health Care Fraud; 42 U.S.C. § 1320a-7b(b)(1)(A): Illegal Remunerations for Health Care Referrals; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 2(b): Causing an Act to be Done] |

The Grand Jury charges:

COUNTS ONE THROUGH EIGHT

[18 U.S.C. §§ 1347, 2(b)]

A.  INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

Defendant

1.  Defendant SIMON HONG, also known as ("aka") "Seong Wook Hong" ("defendant HONG"), was a resident of Brea, California, within the Central District of California.

2. Beginning in or about May 2009 and continuing through in or about November 2013, defendant HONG owned, operated, and controlled Hong's Medical Management, Inc. ("Hong's Medical"), CMH Practice Solution ("CMH Practice"), and HK Practice and Solution, Inc. ("HK Practice") (collectively, "Hong's Companies"), all California corporations, which were located at various sites in Los Angeles and Orange Counties, within the Central District of California.

3. Beginning in or about May 2009 and continuing through in or about November 2013, defendant HONG leased, operated, and controlled clinics located in Walnut, California, Los Angeles, California, and Torrance, California (collectively "Hong's Clinics"), in Los Angeles and Orange Counties, within the Central District of California.

Co-Schemers

4. Co-schemer Marlon Songco was the president of Rehab Dynamics, Inc., a California corporation ("Rehab Dynamics"), which was located at various sites in Los Angeles and Orange Counties, within the Central District of California.

5. Co-schemers Joseff Sales ("Sales") and Danniel Goyena ("Goyena") owned, operated, and controlled Rehab Dynamics and RSG Rehab, Inc. ("RSG"). RSG also was a California corporation, with locations at various sites in Los Angeles County, within the Central District of California.

6. A bank account for Rehab Dynamics was maintained at J.P. Morgan Chase Bank, N.A., with account number ending in 5060 (the "Rehab Dynamics Bank Account"). Bank accounts for RSG were maintained at J.P. Morgan Chase Bank, N.A., with account numbers ending in 5234, 2189, and 2698 (the "RSG Bank Accounts").

The Medicare Program

7. Medicare was a health care benefit program, affecting commerce, that provided medical benefits to individuals who were over the age of 65 or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency operating under the authority of the United States Department of Health and Human Services ("HHS").

8. Individuals who qualified for Medicare benefits were referred to as Medicare "beneficiaries." Each Medicare beneficiary was given a Health Identification Card containing a unique identification number ("HICN").

9. Health care providers who provided medical services that were reimbursed by Medicare were referred to as Medicare "providers."

10. CMS contracted with private companies to certify providers for participation in the Medicare program and monitor their compliance with Medicare standards, to process and pay claims, and to perform program safeguard functions, such as identifying and reviewing suspect claims.

11. To obtain reimbursement from Medicare, a provider had to apply for and obtain a provider number. By signing the provider application, the provider agreed to (a) abide by Medicare rules and regulations and (b) not submit claims to Medicare knowing they were false or fraudulent or with deliberate ignorance or reckless disregard of their truth or falsity.

12. If Medicare approved a provider's application, Medicare assigned the provider a Medicare provider number, which enabled the provider to submit claims to Medicare for services rendered to Medicare beneficiaries.

13. Medicare reimbursed providers only for services, including physical therapy, that were medically necessary to the treatment of a beneficiary's illness or injury, were prescribed by a beneficiary's physician or a qualified physician's assistant acting under the supervision of a physician, and were provided in accordance with Medicare regulations and guidelines that governed whether a particular service or product would be reimbursed by Medicare.

14. Medicare required that physical therapy services be performed by (a) a physician, (b) a physical therapist ("PT"), or (c) a physical therapy assistant ("PTA") acting under the direct supervision of a physician or PT. "Direct supervision" required that the doctor or PT be physically present in the same office suite and immediately available to provide assistance and direction throughout the time the PTA was performing physical therapy services. Physical therapy services provided by aides or physical therapy students were not reimbursable by Medicare, regardless of the level of supervision.

15. Medicare did not cover acupuncture or reimburse providers for acupuncture services. Medicare did not cover massages unless they were therapeutic massages provided by a licensed therapist as part of the beneficiary's plan of care.

B.   THE SCHEME TO DEFRAUD

16. Beginning in or about May 2009, and continuing until at least in or about November 2013, in Los Angeles and Orange Counties, within the Central District of California and elsewhere, defendant HONG, and co-schemers Sales, Goyena, and Songco, together with others known and unknown to the Grand Jury, knowingly, willfully, and with the intent to defraud, executed and attempted to execute a scheme and artifice: (1) to defraud a health care benefit program, namely,

Medicare, as to material matters in connection with the delivery of and payment for health care benefits, items, and services; and (2) to obtain, by means of material false and fraudulent pretenses and representations and the concealment of material facts, in connection with the delivery of and payment for health care benefits, items, and services, money under the custody and control of Medicare.

17. The fraudulent scheme operated, in substance, in the following manner:

   a. Co-schemers Sales, Goyena, and Songco paid Hong's Companies for defendant HONG's referrals of Medicare beneficiaries to Rehab Dynamics and RSG.

   b. Defendant HONG recruited Medicare beneficiaries to Hong's Clinics, which were funded and controlled by Hong's Companies. The Medicare beneficiaries supplied their Medicare cards, HICNs, and patient information to Hong's Clinics, and defendant HONG subsequently provided this information to co-schemers Sales, Goyena, and Songco at Rehab Dynamics and RSG.

   c. As defendant HONG knew, co-schemers Sales, Goyena, and Songco hired licensed PTs, many of whom worked full-time elsewhere, to perform only patient evaluations, without any follow-up treatment, for Medicare beneficiaries at Hong's Clinics. As defendant HONG knew, those PTs evaluated some, but not all, of these beneficiaries and created plans of physical therapy treatment for them, even though many of these beneficiaries never received any physical therapy services.

   d. While at Hong's Clinics, Medicare beneficiaries often received only massages and acupuncture (services defendant HONG knew

were not covered by Medicare) from individuals not licensed to perform physical therapy.

  e. Defendant HONG and co-schemers Sales, Goyena, and Songco provided, and caused to be provided, information to Accubill Medical Billing Services ("Accubill"), including the names, HICNs, and other patient information of the Medicare beneficiaries at Hong's Clinics, as well as falsified records that made it appear as though those Medicare beneficiaries had received physical therapy treatments from specific PTs hired by Rehab Dynamics and RSG, knowing and intending that Accubill would use this falsified information to submit false and fraudulent claims to Medicare for physical therapy.

  f. As a result of the claims submitted by Accubill, Rehab Dynamics and RSG received payment from Medicare for those false and fraudulent physical therapy claims, and the payments were deposited into the Rehab Dynamics and RSG Bank Accounts, to which co-schemers Sales, Goyena, and Songco had joint access, and over which they exercised joint control.

  g. From the Medicare payments deposited into the Rehab Dynamics and RSG Bank Accounts, co-schemers Sales, Goyena, and Songco paid kickbacks to defendant HONG for the referral of these Medicare beneficiaries at Hong's Clinics to Rehab Dynamics and RSG. Those kickbacks were approximately 56 percent of the Medicare payments received by Rehab Dynamics and RSG from the submission of the fraudulent claims to Medicare for physical therapy.

  h. Between in or about May 2009 and continuing until at least in or about November 2013, Rehab Dynamics and RSG obtained and received from Medicare, and deposited into the Rehab Dynamics and RSG Bank Accounts, approximately $2,929,775 from false and fraudulent

claims submitted to Medicare, primarily for physical therapy, on behalf of Medicare beneficiaries at Hong's Clinics recruited by defendant HONG. Defendant HONG, through Hong's Companies, received approximately $1,640,674 of this amount for his participation in the fraudulent scheme, including in particular for his recruiting the Medicare beneficiaries to Hong's Clinics and for his providing information to co-schemers Sales, Goyena, and Songco, for use in creating and submitting to Medicare fraudulent claims for physical therapy.

C.   EXECUTIONS OF THE FRAUDULENT SCHEME

18.   On or about the dates set forth below, within the Central District of California, and elsewhere, defendant HONG, together with others known and unknown to the Grand Jury, knowingly and willfully executed and attempted to execute the fraudulent scheme described above, by submitting and causing to be submitted to Medicare the following false and fraudulent claims:

//

//

| COUNT | DATE CLAIM SUBMITTED | CLAIM |
|---|---|---|
| ONE | 4/12/2011 | Claim number 551111102316380 for $80.00 for therapeutic exercise (97110) purportedly provided on or about April 1, 2011 to beneficiary B.O. by physical therapist C.P. |
| TWO | 6/15/2011 | Claim number 551111166485060 for $80.00 for manual physical therapy (97140) purportedly provided on or about June 3, 2011 to beneficiary S.B. by physical therapist J.W. |
| THREE | 7/12/2011 | Claim number 551111193623250 for $45.00 for therapeutic procedure (97112) purportedly provided on or about July 1, 2011 to beneficiary B.O. by physical therapist E. Legaspi |
| FOUR | 7/12/2011 | Claim number 551111193623220 for $40.00 for walking training (97116) purportedly provided on or about July 6, 2011 to beneficiary K.B. by physical therapist E. Legaspi |
| FIVE | 7/19/2011 | Claim number 551111200487750 for $45.00 for therapeutic procedure (97112) purportedly provided on or about July 13, 2011 to beneficiary J.K. #1 by physical therapist E. Legaspi |
| SIX | 10/4/2011 | Claim number 551111277629230 for $80.00 for therapeutic exercise (97110) purportedly provided on or about September 26, 2011 to beneficiary J.S. by physical therapist J.W. |
| SEVEN | 3/14/2012 | Claim number 551912074182540 for $45.00 for therapeutic procedure (97112) purportedly provided on or about March 7, 2012 to beneficiary P.M. by physical therapist E. Legaspi |
| EIGHT | 5/10/2012 | Claim number 551812131182180 for $40.00 for manual physical therapy (97140) purportedly provided on or about April 26, 2012 to beneficiary J.K. #2 by physical therapist E. Legaspi |

## COUNTS NINE THROUGH SEVENTEEN

[42 U.S.C. § 1320a-7b(b)(1)(A)]

19. The Grand Jury hereby repeats and realleges paragraphs 1 through 15 and 17 of this Indictment as if fully set forth herein.

20. On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendant HONG, together with others known and unknown to the Grand Jury, knowingly and willfully solicited and received remuneration, namely, checks payable in the approximate amounts set forth below, drawn on the Rehab Dynamics Bank Account and the RSG Bank Accounts, in return for referring individuals to Rehab Dynamics and RSG for physical therapy-related services, for which payment could be made in whole and in part under a Federal health care program, namely, Medicare:

| COUNT | DATE | CHECK |
|---|---|---|
| NINE | 3/15/2011 | Check number 1308, drawn on the RSG Bank Accounts, in the amount of $3,659.17, payable to Hong's Medical |
| TEN | 4/26/2011 | Check number 1647, drawn on the Rehab Dynamics Bank Account, in the amount of $10,074.68, payable to Hong's Medical |
| ELEVEN | 5/11/2011 | Check number 1318, drawn on the RSG Bank Accounts, in the amount of $2,184.25, payable to Hong's Medical |
| TWELVE | 7/26/2011 | Check number 1725, drawn on the Rehab Dynamics Bank Account, in the amount of $9,972.83, payable to Hong's Medical |
| THIRTEEN | 10/10/2011 | Check number 1786, drawn on the Rehab Dynamics Bank Account, in the amount of $10,119.84, payable to Hong's Medical |

| | | |
|---|---|---|
| FOURTEEN | 1/24/2012 | Check number 1879, drawn on the Rehab Dynamics Bank Account, in the amount of $13,139.73, payable to HK Practice |
| FIFTEEN | 5/24/2012 | Check number 1982, drawn on the Rehab Dynamics Bank Account, in the amount of $4,708.43, payable to HK Practice |
| SIXTEEN | 10/3/2012 | Check number 2082, drawn on the Rehab Dynamics Bank Account, in the amount of $12,393.71, payable to HK Practice |
| SEVENTEEN | 6/11/2013 | Check number 2549, drawn on the Rehab Dynamics Bank Account, in the amount of $6,560.10, payable to HK Practice |

## COUNTS EIGHTEEN AND NINETEEN

[18 U.S.C. §§ 1028A(a)(1), 2(b)]

21. The Grand Jury hereby repeats and realleges paragraphs 1 through 15 and 17 of this Indictment as if fully set forth herein.

22. On or about the dates set forth below, in Los Angeles County, within the Central District of California, defendant HONG, together with others known and unknown to the Grand Jury, knowingly transferred, possessed, and used, and willfully caused to be transferred, possessed, and used, without lawful authority, means of identification of other persons, namely, the names and HICNs of the Medicare beneficiaries identified below, during and in relation to felony violations of Title 18, United States Code, Section 1347, as charged in the related counts of the Indictment identified below.

//
//

| COUNT | DATE | BENEFICIARY (HICN) | RELATED COUNT OF INDICTMENT |
|---|---|---|---|
| EIGHTEEN | 4/12/2011 | B.O.(xxxxx8957B) | COUNT ONE |
| NINETEEN | 5/10/2012 | J.K.#2(xxxxx4168A) | COUNT EIGHT |

A TRUE BILL

/S/
Foreperson

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

GEORGE S. CARDONA
Assistant United States Attorney
Chief, Major Frauds Section

STEPHEN A. CAZARES
Assistant United States Attorney
Deputy Chief, Major Frauds Section

BYRON J. MCLAIN
Assistant United States Attorney
Major Frauds Section